[Civ. No. 17158.   Second Dist., Div. Two.   Nov. 18, 1949.]

MARIE HARRIET KING, Appellant, v. ROBERT FRANK KAPLAN, Respondent.

Jacques Leslie and Simon Taub for Appellant.

Jones, Thompson & Kelly and Henry F. Walker for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before a jury in an action to recover damages for personal injuries received as a result of the alleged wilful misconduct of defendant, plaintiff appeals.

FACTS: Plaintiff, a stenographer employed in Beverly Hills, occasionally accepted an invitation to ride home from work with defendant who was employed in the same building. She paid no consideration and was a guest. On November 6, 1947, while plaintiff was riding with defendant in his car he crashed into the rear of a parked automobile as a result of which plaintiff suffered severe personal injuries.

The evidence disclosed that defendant was a diabetic who on that day had not maintained his dietary schedule and was hurrying home to his supper; that a diabetic who took insulin, as defendant did, when not maintaining the proper dietary schedule suffered an effect similar to intoxication whereby the patient loses his equilibrium and sometimes blacks out completely.

Plaintiff's action was predicated upon the theory that defendant knew he was off his schedule; that he knew he was apt to lose his equilibrium and might even black out completely; and that therefore, in undertaking to drive plaintiff home and having an accident, he was guilty of wilful misconduct. At the time plaintiff's counsel was arguing to the jury he said, "The testimony shows that the defendant was a diabetic and a severe case." Upon objection of counsel for defendant, the trial court stated, "Objection sustained. The jury is admonished to disregard that remark by counsel for plaintiff concerning the severity of defendant's diabetes. There

has been no testimony as to the severity of defendant's diabetes.''

**QUESTION :** *Was it prejudicially erroneous for the trial court to refuse to permit plaintiff's counsel to argue to the jury that defendant was a diabetic and to instruct them that there was no testimony as to the severity of defendant's diabetes?*

This question must be answered in the affirmative. There was evidence to support plaintiff's contention that defendant was a diabetic. Police Officer W. L. Ritchey testified that when he arrived at the scene of the accident he questioned defendant who stated that he was a diabetic who had gotten off schedule and was hurrying home to supper. Later defendant stated to him that he had missed his lunch. There was likewise testimony that defendant was taking insulin and 50 units of protamin zinc each day.

Dr. Helen Martin was qualified as an expert on diabetes and testified that insulin shock could be compared in its effect to intoxication, and that a patient loses his equilibrium and sometimes blacks out completely. She further testified that severe diabetics took both insulin and 50 units of protamin zinc each day, and that in her opinion defendant was a severe diabetic.

Clearly the foregoing evidence would have supported a finding that defendant was a severe diabetic and the trial court's ruling was erroneous. It is obvious that such ruling was prejudicial in view of the fact that the principal issue plaintiff was urging and upon which she was predicating her case was that defendant was guilty of wilful misconduct; that he was a diabetic and, knowing he was such and in view of the fact that he knew he had not eaten and might become unconscious, was wilfully negligent in permitting her to ride with him in his automobile.

Counsel is entitled to argue every material issue in a case upon which evidence has been introduced or when a legitimate inference supporting a particular issue may be drawn from testimony received in evidence.

In view of our conclusions it is unnecessary to discuss other questions argued by counsel.

The judgment is reversed.

WILSON, J.—I concur in the opinion of Mr. Justice McComb. However, appellant has assigned errors which are not discussed in the opinion and which should be determined in

order that the same errors will not become the basis of a second appeal in the event of a retrial of the action. (See Canon 19, Canons of Judicial Ethics, 49 Rep. Am. Bar Assn., (1924) 760, 767; Canon 16, Canons of Judicial Ethics adopted by Conference of California Judges, 24 Journal of State Bar of Cal. 298, 301.) The latter is the first code of ethics to be adopted by a state organization of judges. It is the duty of the court, in case of the reversal of a judgment, to pass upon and determine all questions raised by the appeal. (Code Civ. Proc., § 53.)

Independent of the mandate of the code provision, the obligation rests on the court in the efficient and proper administration of the law to determine all questions legitimately submitted by an appeal. Justice so demands and the litigants are entitled to no less.

Furthermore, our failure to discuss the alleged errors might well generate in the minds of court and counsel the assumption that we approve the court's rulings when we do not.

Two errors have not been passed upon.

1. While defendant was under examination by his own attorney he was asked this question: "Mr. Kaplan, isn't it a fact that up to two weeks ago, you wanted plaintiff, Marie Harriet King, to recover in this lawsuit?" Plaintiff's objection to the question was sustained and no reply was made by the witness. Nevertheless, it was error to ask it. While there is grave doubt whether any instruction from the court would have erased the effect of the question from the minds of the jurors, the court, of its own motion and without request from plaintiff, should have told the jury to disregard the question and any inference or implication flowing therefrom.

Obviously defendant would not have lent assistance in having a judgment entered against him had he not been protected by insurance. Nowadays, when some member of practically every family is the owner of an automobile and it is generally known that liability insurance is carried by a large percentage of car owners, any intimation that defendant is insured is error.

It is improper to get before the jury, directly or indirectly, any fact that conveys the information that the defendant is insured against loss in case a judgment is rendered against him. (*Pierce* v. *United Gas & Electric Co.,* 161 Cal. 176, 188 [118 P. 700]; *Dameron* v. *Ansbro,* 39 Cal.App. 289, 298 [178 P. 874].)

It is just as improper to inject the question of insurance into the trial for the purpose of defeating an action by intimating that the defendant, having nothing to lose because he is insured, is acting collusively with the plaintiff.

We are not referred to anything in the record indicating that defendant was attempting to aid plaintiff in recovering judgment. The mere asking of the question without any foundation for the implication which it bears would immediately create in the minds of the jurors the thought that plaintiff and defendant were in collusion to mulct the insurance company that covered defendant's liability.

The error was accentuated by the following statement made by defendant's attorney in his argument to the jury: "I cannot tell you everything about this case. I am prevented by certain rules, but there is something going on here; perhaps some of you have sensed it, and that needs to be stopped."

This statement reveals counsel's real purpose in asking the question complained of—to cause the jurors to believe that there was collusion between plaintiff and defendant. How would they have "sensed" that "there is something going on here . . . that needs to be stopped" if the thought had not been implanted in their minds by the improper question?

█ 2. During the final argument the following occurred:

"Mr. Kelly: I am going to tell you about the intention of the Legislature in passing the law applicable to this case——

"Mr. Leslie: Objection on the ground of improper argument. No evidence has been presented concerning the legislative background or the legislative intent.

"Court: Objection overruled. Proceed.

"Mr. Kelly: Some years ago, because of the operation of a ring in pressing fictitious personal injury claims, the Legislature found it necessary to provide that in cases like this one where the guest sues the host, that the guest show more than simple negligence on the part of the host before a recovery could be made. At that time, the Legislature established the rule that the guest must prove the defendant host guilty of gross negligence before being allowed a recovery. But even this rule was not strong enough to accomplish the desired result, so the Legislature then made the present law; the law that requires the guest to show willful misconduct on the part of the host, intending to make it practically impossible for any plaintiff to recover in a case like this one."

This argument was improper. The objection should have been sustained when made and defendant's counsel should

not have been permitted to pursue the subject. The intention or purpose of the Legislature in adopting the guest statute had no place in the action. If counsel correctly stated the intention of the Legislature, it had no bearing on the decision to be reached by the jury. If the statement was not correct obviously it should not have been made. The attorney did not make the statement as his *belief* that the legislative intention was as he related—it was a positive statement without basis in the record.

Furthermore, counsel's argument was calculated to emphasize the foundationless theory of collusion that he had attempted to instill in the jurors' minds by the question to which reference has already been made.

Plaintiff's attorney having made the objection once, it was not incumbent on him to repeat it.

Moore, P. J., concurred.

A petition for a rehearing was denied December 5, 1949.