[Civ. No. 29767.   Second Dist., Div. Two.   Oct. 28, 1965.]

JAMES H. SIBBET, Plaintiff and Appellant, v. BOARD OF DIRECTORS OF THE CITY OF PASADENA et al., Defendants and Respondents.

Gaston, Keltner & Adair and Sidney A. Adair for Plaintiff and Appellant.

Wendell R. Thompson, City Attorney, Fred R. Metheny, Assistant City Attorney, Evelynn M. Finn, Robert A. Neher and Eugene B. Jacobs, Deputy City Attorneys, for Defendants and Respondents.

FLEMING, J.—Respondents have moved to dismiss the appeal on two grounds: (1) the notice designating the record on appeal was not timely filed and not properly served; (2) the record on appeal shows that the appeal is without merit.

The first ground for dismissal is purely technical, and the deficiencies there complained of would be readily waived for an appeal which otherwise appeared to have merit. However, this is not such a case.

The motion to dismiss for lack of merit apparent on the face of the record appears solidly based.

This action was brought in the superior court by a taxpayer to invalidate a Pasadena ordinance approving a redevelopment project in Pasadena. Defendants were the City of Pasadena and the Community Redevelopment Agency of the City of Pasadena. Such taxpayer suits are controlled, procedurally, by sections 860 to 870 of the Code of Civil Procedure, sections added to the code in 1961 to regulate the procedure for testing the validity of community redevelopment projects. Under these sections, an interested person may file an action within 60 days to test the validity of any such project. He is required to serve the public agency and to publish summons to all interested parties in the manner prescribed by the statute. If he fails to complete such publication of summons and file proof of publication within 60 days of the filing of his complaint, the action shall be forthwith dismissed on motion of the public agency unless good cause for his failure to publish is shown.

The superior court dismissed this action for failure to publish summons in accordance with the statute. Appellant at that time presented no justification for his failure to publish nor did he move the trial court for an opportunity to repair his delinquency.

In this proceeding appellant has filed a brief in opposition to the motion to dismiss the appeal, but has advanced no real argument why his suit should not have been dismissed below, nor why it should not be dismissed here. In our view the appeal discloses lack of merit on its face. Ample authority for dismissal is set forth in respondents' brief. (*Robbins* v. *Sonoma County Flood Control & Water Conservation Dist.*, 138 Cal.App.2d 291 [292 P.2d 52].) Dismissal is so ordered.

Roth, P. J., and Herndon, J., concurred.