[Civ. No. 31089.   Second Dist., Div. One.   Jan. 27, 1967.]

THE COMMUNITY REDEVELOPMENT AGENCY OF LOS ANGELES, CALIFORNIA et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; EULA MAYNARD et al., Real Parties in Interest.

166

Roger Arnebergh, City Attorney, Bourke Jones and James A. Roherty, Assistant City Attorneys, Jack L. Wells, Deputy City Attorney, and Eugene B. Jacobs for Petitioner.

No appearance for Respondent.

Floyd H. Norris for Real Parties in Interest.

McCOY, J. pro tem.*—An action is now pending in the Superior Court of Los Angeles County entitled Eula Maynard, et al., v. The Community Redevelopment Agency of Los Angeles, California, and the City of Los Angeles, number 881693. Plaintiffs therein seek a judgment that the Redevelopment Plan for the Hoover Redevelopment Project and the ordinance adopting that plan ''be declared unconstitutional and unenforceable.'' On August 25, 1966, the court denied the motion of defendants to dismiss the action pursuant to section 863, Code of Civil Procedure,[1] on condition that the plaintiffs complete publication of the summons before September 26. On August 31, 1966, a commissioner of the court amended the complaint by adding ''all persons interested'' in the matter of the validation of the redevelopment plan which is the subject of the action as parties defendant, and made an ex parte order ''correcting'' the summons previously issued and directing that the summons as ''corrected'' be published in a certain newspaper. The summons as ''corrected'' required all interested persons to appear and answer the complaint on or before October 10, 1966. A declaration of publication of the summons as ''corrected'' was filed September 15, 1966.

The matter is now before us on the petition of the defendants originally named in the complaint for a writ of prohibition ordering the respondent court to desist from any further proceedings in the action, and ordering that the date of October 10, 1966, specified in the summons as published as the time in which all interested parties must appear and answer, be set aside.

### The Facts

On January 27, 1966, the City Council of the City of Los Angeles adopted ordinance number 131730 ''approving and adopting'' the Redevelopment Plan for the Hoover Redevelopment Project in the City of Los Angeles.

On March 28, 1966, Eula Maynard and others, alleging that they are taxpayers and owners of various parcels of real property included in the Hoover Redevelopment Project, filed a verified complaint against the agency and the City of Los

---

*Assigned by the Chairman of the Judicial Council.

[1]Unless otherwise indicated, all references hereafter are to sections of the Code of Civil Procedure.

Angeles, seeking a judgment that the redevelopment plan and the ordinance adopted January 27, 1966, be declared unconstitutional and unenforceable.[2] When the complaint was filed a summons was issued by the clerk in the form customarily issued in civil actions as prescribed by section 407 directed only to ''Community Redevelopment Agency of the City of Los Angency [sic] of the City of Los Angeles, California, and The City of Los Angeles,'' the only defendants named in the complaint. This summons was returned with proof of service on those defendants on March 30, 1966. Their answer was filed on April 20.

Before any other proceedings were had in the action, the defendants noticed their motion for an order dismissing the action under section 863 upon the ground that plaintiffs ''failed to complete the publication and notice in accordance with Sections 861, 861.1, 862, and 863 of the Code of Civil Procedure and file proof thereof within 60 days from the filing of his Complaint.'' On August 25 the court denied the motion on certain conditions on which we shall comment later in this opinion.

## The Mandate of the Statute

Petitioners contend that the trial court has no jurisdiction to take any further proceedings in the action before it and should have granted their motion to dismiss. Their argument is that the statutory procedures with respect to such actions were not followed and that the statute imposes a duty on the court to dismiss the action in the absence of any showing of good cause by plaintiffs for their failure to follow the required procedures. More specifically, petitioners complain that plaintiffs failed to have proper summons issued and

---

[2]Section 33500, Health and Safety Code, and section 863, Code of Civil Procedure, provide that such an action must be brought within 60 days from and after the date of the adoption of the ordinance adopting the plan. Plaintiffs' action was brought on the sixtieth and last day of that period. Petitioners did not contend in the trial court, nor do they contend here, that the action was not timely filed. Plaintiffs were not required to refrain from bringing their action for the full period of 60 days so that they could then allege that no proceedings had been brought by the public agency pursuant to section 860. Fairly construed, section 863 simply means that an action questioning the validity of a redevelopment plan may be brought by any interested person at any time within the 60-day period unless the public agency had brought its own action to determine the validity of the plan. In the latter case all persons interested would have been given notice and would have had the right to appear, as provided in sections 861, 861.1 and 862, and there would then be no need for any of them to bring their own action as provided in section 863.

failed to commence and complete proper publication of summons and file proof thereof within 60 days from the filing of their complaint and did not make a sufficient showing of good cause for their failure to do so.

Actions to determine the validity of the acts of public agencies are governed by the provisions of sections 860 to 870. Sections 860 to 869 were originally adopted in 1961 on the recommendation of the Judicial Council in order to provide a simple, uniform procedure in such cases. (18th Biennial Report, Judicial Council of Cal., p. 114.) In 1963 the Legislature enacted sections 33500 through 33503, Health and Safety Code, making the provisions of sections 860 to 869 applicable to actions to determine the validity of community redevelopment plans. (Stats. 1963, ch. 1812, p. 3702.) Thus, section 33501 expressly provides in part: "An action may be brought pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure to determine the validity of bonds and the redevelopment plan to be financed or refinanced, in whole or in part by the bonds, or to determine the validity of a redevelopment plan not financed by bonds, . . ." The complaint in this present action was filed in March 1966 long after the effective date of these sections of the Health and Safety Code.

Under section 860 a public agency is authorized to bring an action "in the nature of a proceeding in rem" to determine the validity of its action. Section 861 provides that in such an action "Jurisdiction of all interested parties may be had by publication of summons pursuant to Section 6063 of the Government Code in a newspaper of general circulation designated by the court, . . ." Section 861.1 as amended in 1965 reads: "The summons shall be directed to 'all persons interested in the matter of [specifying said matter],' shall contain a notice to all persons interested in said matter to appear and answer the complaint not later than the date specified in the summons, which date shall be 10 or more days after the completion of publication of said summons. Except as otherwise specified in this section such summons shall be in the form prescribed in Section 407 of this code." Section 862 reads: "Jurisdiction shall be complete after the date specified in the summons. Any party interested may, not later than the date specified in the summons, appear and contest the legality or validity of the matter sought to be determined."

Section 863, as enacted in 1961, provides that if no proceed-

ings have been brought by the public agency pursuant to section 860, "any interested person may bring an action within the time and in the court specified by Section 860 of this chapter to determine the validity of such matter. The public agency shall be a defendant . . ." This section was amended in 1963 to provide further that "In any such action the summons shall be in the form prescribed in Section 861.1 of this chapter except that in addition to being directed to 'all persons interested in the matter of [specifying said matter],' it shall also be directed to said public agency. If the interested person bringing such action fails to complete the publication and such other notice as may be prescribed by the court in accordance with Section 861 of this chapter and to file proof thereof in said action within 60 days from the filing of his complaint, said action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by said interested person."

It is conceded here that the original summons issued when the complaint was filed was not directed to "all persons interested in the matter" and did not give them notice of the time within which to appear and answer, as required by section 861.1, that there was no order for publication, and that the original summons was not in fact published. In such a case the court was required by section 863 to forthwith dismiss the action on motion of the agency "unless good cause for such failure is shown" by the plaintiffs as the interested persons. (*Sibbet* v. *Board of Directors,* 237 Cal.App.2d 731 [47 Cal. Rptr. 335].)

### The Matter of Good Cause

The agency's motion to dismiss the action was denied August 25, 1966, by a minute order reading: "Motion denied on condition that plaintiffs complete publication of summons as provided in CCP Sections 861 and 861.1 on or before September 26, 1966, and file an affidavit to that effect on or before said date directed to this Department. If this condition is not met, this order will be vacated and the motion granted *nunc pro tunc.*" On September 12 the court denied the defendants' request (by letter) to amend the order so as to specify that good cause was shown by the plaintiffs for their failure to comply with the provisions of section 861 and 861.1, and to specify the factual basis for its determination. In denying the request the court advised defendants' attorneys by letter that it believed that the minute order "when read

with the papers filed in support of and in opposition to the motion to dismiss, clearly enough sets forth the grounds for the order and all points which counsel may desire to argue before the appellate court.''

Since the court did not make an express finding that plaintiffs had shown good cause for their failure to complete the publication of summons as required by section 863 in order to avoid a dismissal of the action, we have read the papers filed in the trial court in support of and in opposition to the motion to dismiss. Having done so, it is our opinion that plaintiffs failed to make an adequate showing of good cause, and that the denial of the motion constituted an abuse of the court's discretion.

It will be recalled that the defendants' motion to dismiss was made on the sole ground that plaintiffs had failed to complete publication of the summons and file proof thereof as required by the several sections of the code discussed above. In their initial opposition to the motion plaintiffs contended that there is ''no requirement for publication of summons'' in this action. This contention is based on the theory that, whereas *Sibbet* v. *Board of Directors*, 237 Cal.App.2d 731 [47 Cal.Rptr. 335], was ''a taxpayers suit seeking to invalidate a redevelopment project,'' the action here ''is a suit by property owners in the project area and not a taxpayers suit. . . . This is not an 'In Rem' action, which is the type of action referred to in . . . Section 33,501 of the Health and Safety Code. This is not an action seeking to determine the validity of the redevelopment bonds that being the type of action authorized by Sections 860 to 870 of the Code of Civil Procedure.'' In their supplemental memorandum plaintiffs contend that this is not an action under section 33501 of the Health and Safety Code but is an action under section 33500 of that code. They then make the further point that all necessary parties have been named and served and urge, finally, that they have ''shown good cause for a right to publish summons in the event the trial court concludes that a publication of summons is necessary herein.''

In the main plaintiffs' arguments before the trial court in support of their showing of good cause are reiterated here in opposition to the defendants' petition. Taken by its four corners, plaintiffs' position appears to be that their failure to complete the publication of summons and to file proof thereof as required by section 863 was due to ''an honest mistake of

law'' on the part of their attorney, in that he honestly believed that the action was brought under section 33500 of the Health and Safety Code, and that no publication was required. They further argue that his mistake of law was sufficient ground for the granting of their motion for relief. Our examination of the record compels the conclusion that there is no merit in any of plaintiffs' contentions.

Plaintiffs' contention that their action is brought under section 33500, Health and Safety Code, overlooks the plain language of that section. So far as pertinent here, that section provides that ''No action attacking or otherwise questioning the validity of any redevelopment plan, . . . shall be brought . . . at any time after the elapse of 60 days from and after the date of adoption of the ordinance adopting the plan.'' On its face this is plainly a statute of limitations and does not purport to authorize the bringing of any such action. While it is true, as plaintiffs point out, that former section 33746 as amended in 1957 provided that ''The findings and determination of an agency and of a legislative body or either of them, in the adoption and approval of any redevelopment plan . . . may be judicially reviewed by a court of competent jurisdiction,'' and that ''such action must be brought within 90 days after the date of adoption of the ordinance approving the plan,'' the language authorizing judicial review was deleted from the former section in 1961 (Stats. 1961, ch. 1557), and the provision limiting the time in which such actions must be filed was amended and renumbered as section 33500 in 1963 (Stats. 1963, ch. 1812). (See *In re Redevelopment Plan for Bunker Hill*, 61 Cal.2d 21, 38 [37 Cal.Rptr. 74, 389 P.2d 538].)

The contention that *Sibbet* v. *Board of Directors*, 237 Cal. App.2d 731 [47 Cal.Rptr. 335], has no bearing on this case because that was ''a taxpayers suit seeking to invalidate a redevelopment project,'' whereas the action here ''is a suit by property owners in the project area and not a taxpayers suit,'' is without any merit. None of the code sections involved here refers to a ''taxpayers suit.'' Section 33501, Health and Safety Code, provides that an action to determine the validity of a redevelopment plan ''may be brought pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure.'' Section 863 provides that such an action may be brought by ''any interested person.'' The verified complaint in the present action alleges

that plaintiffs are property owners and taxpayers in the City of Los Angeles, and, more particularly, are owners of various and sundry parcels "of real property . . . which said property is a part and parcel of the real property included in the Hoover Redevelopment Project." The principal prayer of their complaint is that "The Redevelopment Plan for the Hoover Urban Renewal Project and Ordinance 131730 be declared unconstitutional and unenforceable." Thus, it appears from the allegations of their own complaint that plaintiffs are of the same class of "taxpayers" as the plaintiff and appellant in *Sibbet*.

Section 863 as amended in 1963 provides that if the interested person fails to complete the publication of the required summons and to file proof thereof within 60 days from the filing of his complaint, "said action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by said interested person." Plaintiffs contend their failure to comply with the code as to the publication of the summons was due to "an honest mistake of law" on the part of their attorney. In support of this argument before us their attorney traces in part the legislative history of sections 33500 and 33501, Health and Safety Code, and of sections 860 to 870, Code of Civil Procedure. Having done so he says: "Can anyone familiar with the history of Sections 33500 (33746) and Section 33501 (33955) together with the provisions of Sections 860 and 863 of the Code of Civil Procedures say that there is no possibility of confusion and that the writer knew he was wrong and that the real parties in interest are to be penalized by having their property condemned with no chance to question the validity and regularity of the proceedings. It is submitted the answer must be that at best the statutes are confused and uncertain."

The gist of plaintiffs' argument seems to be that they should not be penalized because of their attorney's failure to recognize that when he prepared and filed their complaint in March 1966 the procedure for testing the validity of the Hoover Redevelopment Plan was controlled by sections 860 to 870, as expressly provided in section 33501, Health and Safety Code, and not by the earlier sections of the law which had been repealed and were no longer in effect. We cannot agree that this constitutes a mistake of law which would justify a finding of good cause as required by section 863, much less that "the statutes are confused and uncertain."

■ The good cause which must be shown in such a case as this "may be equated to good reason for a party's failure to perform that specific requirement [of the statute] from which he seeks to be excused." (*Waters* v. *Superior Court*, 58 Cal. 2d 885, 893 [27 Cal.Rptr. 153, 377 P.2d 265].) The rule is that "a mistake as to the law does not require relief from default as a matter of law. (*Security Truck Line* v. *City of Monterey* (1953) 117 Cal.App.2d 441, 445 [256 P.2d 366, 257 P.2d 755].) The issue of which mistakes of law constitute excusable neglect presents a fact question; the determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. (*Fidelity Fed. Sav. & Loan Assn.* v. *Long* (1959) 175 Cal.App.2d 149, 154 [345 P.2d 568].) Although an honest mistake of law is a valid ground for relief where a problem is complex and debatable, ignorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief." (*A & S Air Conditioning* v. *John J. Moore Co.*, 184 Cal.App.2d 617, 620 [7 Cal.Rptr. 592].)

Sections 860 to 870 were first enacted in 1961 on the recommendation of the Judicial Council "to avoid constitutional questions, . . . and to provide a simple, uniform procedure . . . for determining the legality or validity" of the actions of public agencies to the extent such procedure "is made applicable by the statutes relating to a particular public agency." (18th Biennial Report, Judicial Council of Cal., p. 114.) Section 861.1 was added, sections 863, 869 and 870 were amended in 1963 and sections 861.1 and 862 were amended in 1965. At the 1963 session the Legislature enacted sections 33500 and 33501, Health and Safety Code, making this new procedure applicable to the actions of community redevelopment agencies. The provisions of section 33500 were called to the attention of plaintiffs' attorney in February 1964 in his then capacity as one of the attorneys for defendants and appellants in the *Bunker Hill* case (61 Cal.2d at p. 38). It would have been a simple matter for him to have determined the provisions of the other pertinent sections and to have discovered the October 1965 decision in *Sibbet* v. *Board of Directors*, 237 Cal.App.2d 731 [47 Cal.Rptr. 335], before he filed plaintiffs' complaint in the present action in March 1966.

The procedure to be followed with respect to the form and publication of summons in such case as this is not complex. "Ignorance of the law, at least where coupled with negligence

in failing to look it up, will not justify a trial court in granting relief . . ." (*Security Truck Line* v. *City of Monterey*, 117 Cal.App.2d 441, 445 [256 P.2d 366, 257 P.2d 755].) Here the law was all in the books and readily available to plaintiffs' attorney. To paraphrase the language of the court in *Evelyn, Inc.* v. *California Emp. Stabilization Com.*, 48 Cal.2d 588 at 591 [311 P.2d 500], the record in this case reveals no set of circumstances which would justify a finding of good cause for the failure of plaintiffs through their attorney to follow the procedural requirements of the pertinent sections of the codes, however honest his mistake may have been. As the court there said: "A bona fide but mistaken belief that the law does not require a particular course of conduct does not constitute a good cause for a failure to comply therewith."

In our opinion the failure of the trial court to grant the defendants' motion to dismiss unconditionally constituted an abuse of discretion.

## The Summons as Published

In their opposition to the petition, plaintiffs appear to argue that their failure to publish a proper summons within the 60-day time limit fixed by section 863, was cured by the publication of a "corrected" summons after the ruling of the court on defendants' motion to dismiss. There is no merit in this contention.

It should be noted preliminarily that the action filed by the plaintiffs in the respondent court was brought under the provisions of section 33500, Health and Safety Code, and section 863, Code of Civil Procedure, to determine the validity of the redevelopment plan. As such it is "clearly in the nature of a preceeding *in rem*." (Cf. *Crall* v. *Poso Irrigation Dist.*, 87 Cal. 140, 146 [26 P. 797].) Although section 863 does not require that "all persons interested" in the project shall be named as defendants, that section does require that all such persons shall be notified by publication of summons, since the action will fix the status of the property within the project lawfully affected by the plan "and a final judgment will foreclose further inquiry into the matters to which the judgment properly relates." (See *Ivanhoe Irr. Dist.* v. *All Parties*, 47 Cal.2d 597, 606 [306 P.2d 824].) In such a case, due process requires that the notice must be of a type reasonably calculated to give all persons interested in the property involved knowledge of the proceedings and an opportunity to be heard.

Subject to this principle, the state may make its own choice among such forms of constructive service as mail, publication or posting. (1 Witkin, Cal. Procedure (1954), Jurisdiction, §§ 102, 103, pp. 368, et seq.)

Defendants' motion to dismiss was denied by the judge presiding in department 67 "on condition that plaintiffs complete publication of summons as provided in CCP Sections 861 and 861.1 on or before September 26, 1966, and file an affidavit to that effect on or before said date directed to this Department. If this condition is not met, this order will be vacated and the motion granted *nunc pro tunc.*"

■ Section 863 requires that in such a case as this the summons "shall be in the form prescribed in Section 861.1 of this chapter except that in addition to being directed to 'all persons interested in the matter of [specifying said matter],' it shall also be directed to said public agency . . ." Although section 863 does not provide that they shall be named in the complaint as defendants, it is apparent from these sections that "all persons interested" in the subject matter of the action other than the interested persons bringing the action are indispensable parties who must be named in and served with the prescribed summons by publication in order that there may be a binding and conclusive judgment. (Health & Saf. Code, § 33503.) Any judgment which might be rendered either for or against any such interested person who is not properly before the court as a party would be beyond the authority of the court and void. (*In re Wren,* 48 Cal.2d 159, 163 [308 P.2d 329] ; 1 Witkin, Cal. Procedure (1954) Jurisdiction, § 136, p. 398.)

■ It is significant that when the court made its conditional order of August 25, there was in the file before it the original summons, directed only to the redevelopment agency and the city, which had been issued by the clerk on March 28, 1966, the day the complaint was filed. This summons was served on the named defendants the next day, and filed with proof of service on March 30. Admittedly this summons did not conform to the provisions of sections 861.1 and 863, in that it was not directed to "all persons interested" and did not contain a notice to them as to the time to appear and answer, but was only in the form prescribed in section 407 of the code. It is also significant that in its order the court did not designate the newspaper in which the summons was to be published, as required by section 861.

Assuming without deciding that the court had the power to deny the defendants' motion to dismiss on any conditions, we are concerned here with the steps taken by plaintiffs' attorney to comply with the court's order.

Apparently recognizing the defects in the summons as originally issued, served and returned, and in the order made by the court in department 67, and that no summons had been issued in the form required by section 863, and being in doubt as to what summons was to be published, plaintiffs' attorney, instead of putting the matter before the judge whose order was involved on notice to the defendants, made two ex parte applications to Glenn Pfau, a commissioner of the respondent court on August 31. The commissioner without notice to the defendants acted on these applications as follows: (1) The commissioner first amended the caption of the complaint by adding as named defendants: "All persons interested in the matter of validation of the captioned Plan & Ordinance," adding in the margin: "As required for compliance with 8/25/66 minute order"; (2) The commissioner then "corrected" the original summons by adding the following after the names of the agency and the City of Los Angeles as defendants: "All persons interested in the matter of validation of the Redevelopment Plan for the Hoover Redevelopment Project and of Ordinance No. 131730 of the City of Los Angeles adopted 2/2/66," and by adding the following: "All described interested persons must appear and answer the complaint on or before October 10, 1966." He thereupon ordered that the summons as corrected be withdrawn and that "service of summons herein be made on all Persons interested, as more particularly described in complaint as corrected and publication in Metropolitan News . . ." The summons as thus altered was withdrawn and published accordingly and a declaration of publication was filed September 15, 1966.

Without deciding whether the commissioner had any authority to make these orders, we are satisfied that the publication of the "corrected" summons pursuant to the commissioner's order long after the expiration of the 60-day period fixed by section 863 could not and did not confer jurisdiction on the court.

The summons "is the process by which parties defendant are brought into Court, so as to give the Court jurisdiction of their persons. Its form is prescribed by law; and whatever the form may be it must be observed, at least substan-

tially." (*Lyman* v. *Milton*, 44 Cal. 630, 634.) ██ "The service of a summons by publication is in derogation of the common law, and in order to obtain such constructive service, the statute must be substantially complied with and its mandates observed." (*Columbia Screw Co.* v. *Warner Lock Co.*, 138 Cal. 445, 446 [71 P. 498].) ██ "When jurisdiction is obtained by a prescribed form of constructive notice the statutory conditions upon which the service depends must be strictly construed. Unless the statute has been complied with there is no power to render a judgment." (*Pinon* v. *Pollard*, 69 Cal.App.2d 129, 133 [158 P.2d 254].) ██ Even though the court has personal jurisdiction over some of the parties, it is powerless to adjudicate the cause until all indispensable parties are before the court. (1 Witkin, Cal. Procedure (1954) Jurisdiction, § 46, pp. 317-318.) ██ Plaintiffs here do not allege that they are owners of all the property included in the Hoover Redevelopment Project, but only that they are owners of "various and sundry parcels of real property" included therein. Any attempt to adjudicate the rights of other property owners and of any other interested persons without proper joinder would be futile. (*Thomson* v. *Talbert Drainage Dist.*, 168 Cal.App.2d 687 [336 P.2d 174]; *Bennett* v. *Hibernia Bank*, 47 Cal.2d 540, 554-559 [305 P.2d 20].)

██ It is equally true that when jurisdiction is to be obtained by service of summons within a prescribed period of time by publication of summons or otherwise, the statutory conditions for the service of summons must also be complied with. (*Pinon* v. *Pollard*, 69 Cal.App.2d 129, 131 [158 P.2d 254]; 1 Witkin, Cal. Procedure (1954), Actions, § 301, p. 822.) ██ Plaintiffs' failure without good cause to comply with the provisions of section 863 with respect to the publication of a proper summons within the time fixed by that section immediately called into operation the provisions of that section which impose a mandatory duty on the court to dismiss the action in its entirety.

In *Sibbet* v. *Board of Directors*, 237 Cal.App.2d 731, 732 [47 Cal.Rptr. 335], the trial court dismissed the action for failure to publish summons in accordance with section 863. In dismissing plaintiffs' appeal the court noted that at the hearing of the motion to dismiss appellant "presented no justification for his failure to publish nor did he move the trial court for an opportunity to repair his delinquency." A proper construction of section 863 requires us to hold that when, as here,

plaintiffs presented no justification for their failure to publish the required summons and to file proof thereof within 60 days after the filing of the complaint, their delinquency cannot be effectively repaired by an attempted compliance with ''the jurisdictional requisites of service of summons and return thereon'' long after the expiration of the statutory period. (*Kelly* v. *Ferbrache,* 119 Cal.App.529, 532 [6 P.2d 987].)

In *Kelly* v. *Ferbrache, supra,* the court affirmed a judgment dismissing an action pursuant to the mandatory provisions of section 581a for failure of plaintiff to serve a defendant with summons within three years after commencement of the action. This failure, said the court (p. 531), immediately called into operation the provisions of section 581a, ''which have been repeatedly held in a long line of cases to impose a mandatory as well as a statutory prohibition upon the superior court from taking any further proceedings against a defendant who has not been served with summons within the prescribed period of limitation, other than to order a dismissal of the action against such defendant.''

The necessity for requiring a dismissal of the action is even stronger when it appears that the summons originally issued was fatally defective in that it was not directed to ''all persons interested'' in the matter of the validity of the redevelopment plan in issue. In *Armstrong* v. *Superior Court,* 144 Cal.App.2d 420, 424 [301 P.2d 51], a personal injury action, it was held that the service of a summons which did not comply with the mandatory provisions of section 474, was ''insufficient to give the court jurisdiction over the person of the defendant.'' More recently it was held in *National Union Fire Ins. Co.* v. *Superior Court,* 247 Cal.App.2d 326 [55 Cal.Rptr. 574], that where a corporation was purportedly served on the last permissible day of the three-year period with a summons which did not conform to the mandatory provisions of section 410 the trial court was under a duty to dismiss the action as to the corporation as provided in section 581a.

The rationale of the cases just discussed is applicable here. Section 863 provides that if the plaintiffs fail to complete the publication of summons and to file proof thereof within 60 days from the filing of the complaint, ''said action shall be forthwith dismissed on motion of the public agency.'' Fairly construed, section 863 requires the publication of summons in the precise form and within the time there prescribed.

180

■ Unless good cause is shown by plaintiffs for their failure to comply with the requirements of that section, the court has no jurisdiction to hear their action. Where, as here, the original summons was fatally defective and no summons was published within the prescribed time, the publication of a "corrected" summons long after the expiration of the statutory 60-day period did not confer jurisdiction over the action.

In view of what we have just said it is not necessary for us to decide whether the commissioner exceeded his authority in amending the complaint and "correcting" the original summons, or to determine the validity of his orders. We also find it unnecessary to consider the other points raised by plaintiffs since they do not appear to have any bearing on the issues raised by petitioners.

Let a peremptory writ of prohibition issue restraining the respondent court from taking any further proceedings in action number 881693 now pending before it other than to enter an order dismissing said action.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied February 21, 1967, and the opinion was modified to read as printed above. The petition of the real parties in interest for a hearing by the Supreme Court was denied March 22, 1967.