[Civ. No. 35388. Second Dist., Div. Three. Sept. 3, 1970.]

E. M. ARNOLD, Plaintiff and Respondent, v.
NEWHALL COUNTY WATER DISTRICT, Defendant and Appellant.

## Counsel

Wadsworth, Fraser, McClung & Dahl and Robert H. Dahl for Defendant and Appellant.

Clayson, Stark, Rothrock & Mann and George G. Grover for Plaintiff and Respondent.

## Opinion

**FORD, P. J.**—Defendant Newhall County Water District has appealed from a summary judgment in favor of the plaintiff in an action in which he sought a determination and declaration that certain annexation proceedings were invalid and that consequently the territory included in the "Altered Annexation"[1] was not a part of the defendant district. The first question to be determined is whether the plaintiff sufficiently complied with the provisions of the statutory law governing such an action which are requisite to the acquisition of jurisdiction by the superior court.

In the District Reorganization Act of 1965 (Gov. Code, § 56000 et seq.) a "district" is defined as any agency of the state, formed pursuant to general law or special act, for the local performance of governmental or proprietary functions within limited boundaries. (Gov. Code, § 56039.) A county water district is a "district of limited powers." (Gov. Code, § 56040.) "Annexation" means the annexation, inclusion, attachment or addition of territory to a district. (Gov. Code, § 56024.) Section 56028 of the Government Code is in part as follows: " 'Change of organization' means an annexation . . .

---

[1] In his complaint the plaintiff alleged that the board of directors of the county water district substantially altered the boundaries of the territory to be annexed as approved by the local agency formation commission. (See Gov. Code, §§ 56033, 56250 et seq.)

of territory to . . . a district . . . ." Section 56008 of that code provides: "An action to determine the validity of a change of organization or a reorganization may be brought pursuant to Chapter 9 (commencing at Section 860) of Title 10, Part 2 of the Code of Civil Procedure." ▮ Consequently, the sections of the Code of Civil Procedure which are pertinent with respect to the matter of jurisdiction and the exercise thereof are sections 860-870.

Section 860 of the Code of Civil Procedure relates to the authority of the district to bring an action of the kind noted and states that the "action shall be in the nature of a proceeding in rem." Section 863 relates to such an action brought by an interested person. The plaintiff in the present case is such an interested person. Section 863, at the times herein pertinent, was as follows: "If no proceedings have been brought by the public agency pursuant to this chapter, any interested person may bring an action within the time and in the court specified by Section 860 of this chapter to determine the validity of such matter. The public agency shall be a defendant and shall be personally served with the summons and complaint in said action. In any such action the summons shall be in the form prescribed in Section 861.1 of this chapter except that in addition to being directed to 'all persons interested in the matter of [specifying said matter],' it shall also be directed to said public agency. If the interested person bringing such action fails to complete the publication and such other notice as may be prescribed by the court in accordance with Section 861 of this chapter and to file proof thereof in said action within 60 days from the filing of his complaint, said action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by said interested person."

Section 861 was and is as follows: "Jurisdiction of all interested parties may be had by publication of summons pursuant to Section 6063 of the Government Code[2] in a newspaper of general circulation *designated by the court,* published in the county where the action is pending and whenever possible within the boundaries of the public agency, and in such other

---

[2]Section 6063 of the Government Code is as follows: "Publication of notice pursuant to this section shall be once a week for three successive weeks. Three publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences upon the first day of publication and terminates at the end of the twenty-first day, including therein the first day."

It is to be noted that the 1959 amendment of the third sentence consisted of the substitution of the words "at the end of the twenty-first day, including therein the first day," for the words "on the day following the last day of publication." (Stats. 1959, ch. 954, § 3, p. 2984.)

counties as may be ordered by the court, and if there be no such news-paper in any such county or counties then in some adjoining county. In addition, prior to completion of such publication, the agency shall, to the extent which the court finds reasonably practicable, give notice of the pendency of the proceeding by mail or other means ordered by the court." (Italics added.)

Section 861.1 was, at all times pertinent herein, as follows: "The summons shall be directed to 'all persons interested in the matter of [specifying said matter],' shall contain a notice to all persons interested in said matter to appear and answer the complaint not later than the date specified in the summons, which date shall be 10 or more days after the completion of publication of said summons. Except as otherwise specified in this section such summons shall be in the form prescribed in Section 407 of this code." Section 862 of the Code of Civil Procedure is as follows: "*Jurisdiction shall be complete after the date specified in the summons.* Any party interested may, not later than the date specified in the summons, appear and contest the legality or validity of the matter sought to be determined." (Italics added.)

 The present action was commenced on April 24, 1967. No court order was obtained with respect to the publication of summons or as to the giving of notice of the pendency of the proceeding by mail or other means. However, service of the summons and complaint was personally made on the defendant county water district. The summons was directed to the county water district and "all persons interested in the Matter of the Purported Upper Bouquet Canyon, etc."[3] In the body of the summons the defendants were directed to answer the complaint not later than May 26, 1967.

The proof of publication of summons in the Newhall Signal & Saugus Enterprise, which was filed on July 10, 1967, shows that such publication occurred on the following dates: April 28, 1967, May 5, 1967, and May 12, 1967. As has been noted, section 861 of the Code of Civil Procedure requires that publication of summons must be made pursuant to section 6063 of the Government Code. But under the latter section the period of notice commences upon the first day of publication (April 28, 1967, in the instant case) and terminates at the end of the twenty-first day, including therein the first day. Accordingly, publication is not complete until the

---

[3]The caption of the summons set forth the defendants as follows: "NEWHALL COUNTY WATER DISTRICT, a Public Agency, and all persons interested in the Matter of the Purported Upper Bouquet Canyon Annexation to the Newhall County Water District."

period of notice has terminated.[4] Consequently, in the present case the prescribed period of notice terminated on May 18, 1967, and that date was the date of the completion of publication of the summons. Such completion constituted the requisite constructive service. (See *Foster* v. *Vehmeyer,* 133 Cal. 459, 460 [65 P. 974]; *Estate of Sankey,* 199 Cal. 391, 397 [249 P. 517]; *Sacramento Municipal Utility Dist.* v. *All Parties, etc.,* 6 Cal.2d 197, 204 [57 P.2d 506].) Therefore, the summons in the present case did not set forth the correct period of time within which an answer could be filed by persons interested but designated a shorter period by virtue of the statement that the defendants were directed to answer the complaint not later than May 26, 1967.[5]

It is manifest that there has not been compliance with the prescribed form of constructive notice in the present case. ■ As stated in *Eagle Elec. Mfg. Co.* v. *Keener,* 247 Cal.App.2d 246, at pages 250-251 [55

---

[4]In *Foster* v. *Vehmeyer,* 133 Cal. 459, at page 460 [65 P. 974], the Supreme Court stated: "The first publication was made June 14th, and the last publication August 9th. The default was taken September 11th. [¶] The default in this case could not be taken until thirty days after the completion of service of the summons. The question is then presented, When was the service completed? Section 413 of the Code of Civil Procedure, among other matters, provides: 'The order must direct the publication to be made in a newspaper, to be designated, as most likely to give notice to the person to be served, and for such length of time as may be deemed reasonable, at least once a week; but publication against a defendant residing out of the state, or absent therefrom, must not be less than two months.' In the present case the defendant resided out of the state. There appears to be but one rational construction to be given this statute, and that is, the defendant is entitled to the publication of the summons for a period extending over two full calendar months. It is not at all necessary that two full calendar months should intervene between the first and last publication; but it is necessary that the summons be published once each week for those two months; and it is also necessary that from the day of the first publication two calendar months should intervene before the service of the summons is complete. In other words, the first publication in this case having taken place upon June 14th, the period of two months expired upon August 13th, and thirty days must elapse after that time before a judgment by default can be taken. In this case the two months expired upon August 13th, and the default being taken upon September 11th, it is evident that it was prematurely taken."

[5]Section 861.1 was amended in 1965. The discussion with respect to such amendment as set forth in Review of Selected 1965 Code Legislation (Cont. Ed. Bar 1965), at pages 84-85, is as follows: "Sections 860-870 were enacted in 1961 to provide a standard in rem procedure for testing the validity of agency orders, district and city bond issues, and other financial proceedings. *Review of Code Legislation,* 36 Cal SBJ 716 (1961). Jurisdiction of interested parties to these proceedings is obtained by publication and by mailed notices as ordered by the court. Section 861.1, added in 1963, (1) prescribes a form of summons for validation proceedings, (2) requires that the summons be directed to all persons interested in the matter, and (3) requires these persons to answer within ten days of completion of publication. The section also required the summons to 'specify the date of the last day of publication.' See *Review of Code Legislation,* 38 Cal SBJ 677 (1963). However, the deadline for answering was determined by the date publication was actually completed, rather than by the date specified in the summons. If publication was delayed, the deadline was altered, possibly misleading interested parties, and it was necessary to obtain

Cal.Rptr. 444]: "In any event, when a judgment on the face of the judgment roll is void, attack can be made upon it at any time; . . . ■■ [¶] When jurisdiction is obtained by a prescribed form of constructive notice, the statutory conditions upon which service depends must be strictly construed; there must be strict compliance with the mode prescribed in the statute. Conformance with the statute is deemed jurisdictional and absence thereof deprives the court in the particular action of power to render a judgment. [Citations.]"

A problem of a kindred nature was presented in *Community Redevelopment Agency* v. *Superior Court,* 248 Cal.App.2d 164 [56 Cal.Rptr. 201]. Therein the court stated at pages 177-179: "The summons 'is the process by which parties defendant are brought into Court, so as to give the Court jurisdiction of their persons. Its form is prescribed by law; and whatever the form may be it must be observed, at least substantially.' (*Lyman* v. *Milton,* 44 Cal. 630, 634.) 'The service of a summons by publication is in derogation of the common law, and in order to obtain such constructive service, the statute must be substantially complied with and its mandates observed.' (*Columbia Screw Co.* v. *Warner Lock Co.,* 138 Cal. 445, 446 [71 P. 498].) 'When jurisdiction is obtained by a prescribed form of constructive notice the statutory conditions upon which the service depends must be strictly construed. Unless the statute has been complied with there is no power to render a judgment.' (*Pinon* v. *Pollard,* 69 Cal. App.2d 129, 133 [158 P.2d 254].) Even though the court has personal jurisdiction over some of the parties, it is powerless to adjudicate the cause until all indispensable parties are before the court. (1 Witkin, Cal. Procedure (1954) Jurisdiction, § 46, pp. 317-318.) Plaintiffs here do not allege that they are owners of all the property included in the Hoover Redevelopment Project, but only that they are owners of 'various and sundry parcels of real property' included therein. Any attempt to adjudicate the rights of other property owners and of any other interested persons without proper joinder would be futile. (*Thomson* v. *Talbert Drainage Dist.,* 168 Cal.App. 2d 687 [336 P.2d 174]; *Bennett* v. *Hibernia Bank,* 47 Cal.2d 540, 554-559 [305 P.2d 20].) [¶] It is equally true that when jurisdiction is to be obtained by service of summons within a prescribed period of time by publication of summons or otherwise, the statutory conditions for the service of sum-

---

and publish an alias or amended summons stating a new publication date. If personal service had been made of the old summons, the new alias or amended summons had to be served again. [¶] The 1965 amendment to § 861.1 deletes the requirement that the last day of publication be stated. Instead, the summons must specify the last date for filing answers, this date being ten or more days after completion of publication. Persons interested in contesting the action will thus have the same or a greater time than is now authorized. At the same time corrective publications can be made, if necessary, without the necessity of obtaining an alias or amended summons."

mons must also be complied with. (*Pinon* v. *Pollard*, 69 Cal.App.2d 129, 131 [158 P.2d 254]; 1 Witkin, Cal. Procedure (1954), Actions, § 301, p. 822.) Plaintiffs' failure without good cause to comply with the provisions of section 863 with respect to the publication of a proper summons within the time fixed by that section immediately called into operation the provisions of that section which impose a mandatory duty on the court to dismiss the action in its entirety. [¶] In *Sibbet* v. *Board of Directors*, 237 Cal.App.2d 731, 732 [47 Cal.Rptr. 335], the trial court dismissed the action for failure to publish summons in accordance with section 863. In dismissing plaintiffs' appeal the court noted that at the hearing of the motion to dismiss appellant 'presented no justification for his failure to publish nor did he move the trial court for an opportunity to repair his delinquency.' A proper construction of section 863 requires us to hold that when, as here, plaintiffs presented no justification for their failure to publish the required summons and to file proof thereof within 60 days after the filing of the complaint, their delinquency cannot be effectively repaired by an attempted compliance with 'the jurisdictional requisites of service of summons and return thereon' long after the expiration of the statutory period. (*Kelly* v. *Ferbrache*, 119 Cal.App. 529, 532 [6 P.2d 987].)"

■ As has been noted, the nature of jurisdiction involved in the type of proceeding herein presented is in rem.[6] Section 862 of the Code of Civil Procedure, as amended in 1965, was set forth hereinabove, that section being as follows: "Jurisdiction shall be complete after the date specified in the summons. Any party interested may, not later than the date specified in the summons, appear and contest the legality or validity of the matter sought to be determined." ■ In view of the deficiency in procedure relating to the summons in the present case, under the governing law the superior court never acquired jurisdiction in rem with respect to the issue which the plaintiff sought to have adjudicated. (Cf. *Community Redevelopment Agency* v. *Superior Court, supra,* 248 Cal.App.2d 164.) Consequently, the summary judgment cannot stand.

The question now presented for resolution is whether the judgment should be reversed with directions to dismiss the action or whether the plaintiff is entitled to an opportunity to show "good cause" under section 863 of the

---

[6]While there is a change in the text operative July 1, 1970, the provisions of section 870 of the Code of Civil Procedure at the time of the entry of the judgment in this case were as follows: "The judgment, if no appeal is taken, or if taken and the judgment is affirmed, shall, notwithstanding any other provision of law including, without limitation, Sections 473 and 473a of this code, thereupon become and thereafter be forever binding and conclusive, as to all matters therein adjudicated or which at that time could have been adjudicated, against the agency and against all other persons and said judgment shall permanently enjoin the institution by any person of any action or proceeding raising any issue as to which said judgment is binding and conclusive."

Code of Civil Procedure which, as has been noted hereinabove, provides in pertinent part as follows: "If the interested person bringing such action fails to complete the publication and such other notice as may be prescribed by the court in accordance with section 861 of this chapter and to file proof thereof in said action within 60 days from the filing of his complaint, said action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by said interested person." Since under section 862 of the Code of Civil Procedure, set forth hereinabove, jurisdiction (in rem) is complete after the date specified in the summons, the problem presented is primarily that of the plaintiff's failure to comply with the provisions of sections 861 and 861.1 of the Code of Civil Procedure with respect to the publication of the designated summons rather than that of the lack of timely filing of proof of publication.

This action was filed on April 24, 1967. On February 27, 1969, the district filed a written notice of motion for a judgment of dismissal on the grounds that "the Court lacks jurisdiction to proceed with the above entitled matter," that "the Summons issued and published herein is defective, in that it fails to comply with the provisions of Code of Civil Procedure Section 861.1," that "Plaintiff has failed to obtain an Order for Publication of Summons, as required by Code of Civil Procedure Sections 861 and 863," that "Plaintiff has failed to obtain an Order of Court determining the necessity of giving additional notice of the proceedings, as required by Code of Civil Procedure Sections 861 and 863," that "Plaintiff has failed to publish Summons in a Court designated newspaper of general circulation, as required by Code of Civil Procedure Sections 861 and 863," and that "Plaintiff has failed to file proof of publication of summons within sixty (60) days from the filing of his complaint, as required by Code of Civil Procedure Section 863."

The declaration of one of the attorneys for the plaintiff which was filed in opposition to the motion to dismiss was in part as follows: "3. On April 24, 1967, I personally served the complaint on the defendant district and delivered the summons to said newspaper for publication once each week for three consecutive weeks. I then understood from the representative of said newspaper that publication would commence on or before April 26, 1967. Jointly with said representative I computed the required time of publication in accordance with said sections of the Code of Civil Procedure and concluded that the publication arranged with said newspaper would be timely. I then instructed said newspaper to forward proof of said publication, promptly upon its completion, to me. Within the next few days I instructed my secretary to mail said proof of publication to the Superior Court for filing immediately upon its receipt. 4. Shortly prior to July 10, 1967, counsel for the defendant district advised me by telephone that proof of

publication had not yet been filed with the Court. I immediately reviewed by [my] office records and arranged for prompt filing of said proof of publication. I do not at this late date recall exactly why my instructions for timely filing of said proof of publication had not been carried out. My then secretary is no longer employed by our firm and I do not know her present whereabouts."

On April 28, 1969, the motion for a judgment of dismissal was denied. ■ It is manifest that the purpose of the provisions of the Code of Civil Procedure to which reference has been made is to assure the prompt disposition on the merits of controversies of the nature of that involved in this action. But in view of the fact that two years elapsed between the filing of the action and the determination of the district's motion to dismiss pursuant to the provisions of section 863 of the Code of Civil Procedure, the interests of justice dictate that the plaintiff be afforded the opportunity to seek an order for the publication of proper summons in accordance with the governing statutory law on the ground that the plaintiff had proceeded in good faith but the publication of the summons had been delayed without his fault. Consequently, the present judgment should be reversed with directions to the trial court to permit the presentation and hearing of such an application. (See *City of Ontario* v. *Superior Court,* 2 Cal.3d 335, 345-348 [85 Cal.Rptr. 149, 466 P.2d 693].)

In the event the trial court, upon remand of the cause, permits publication of summons sufficient to vest jurisdiction in rem in the court, the question presented on the motion for summary judgment heretofore granted may again be before that court. It is to be noted that on February 13, 1969, prior to the hearing of that motion, a stipulation of the parties was filed, two paragraphs thereof being as follows: "6. That the above entitled complaint has raised the question of whether a county water district is a 'benefit district,' within the meaning of Section 56025 of the Government Code, and thereby empowered and obligated to exclude 'non-benefited' lands at a public hearing on annexation, pursuant to Section 56315 of the Government Code. 7. That a prompt determination of this action is in the best interests of defendant district and the voters and property owners in said annexed territory." In the summary judgment it was adjudged that the district was not a "benefit district" within the meaning of section 56025 of the Government Code and that the district was not empowered to exclude "non-benefited" lands "at a public hearing on annexation, pursuant to Section 56315 of the Government Code."

In view of the fact that the question as to whether the district is a "benefit district" may again come before the trial court, it is appropriate to discuss that matter in this opinion for the future guidance of the

trial court. (See *Harvey* v. *City of Holtville,* 271 Cal.App.2d 816, 820 [76 Cal.Rptr. 795]; *California Viking Sprinkler Co.* v. *Pacific Indem. Co.,* 213 Cal.App.2d 844, 851 [29 Cal.Rptr. 194]; *King* v. *Kaplan,* 94 Cal.App.2d 697, 700 [211 P.2d 578].)

Section 56025 of the Government Code is as follows: " 'Benefit District' means a district containing lands which are, or will be, benefited by their inclusion within such district, the owners of such lands being entitled, under the laws or Constitutions of the state or the United States, to notice and hearing prior to the inclusion of such lands within the district." The provisions of section 56315, at the times herein pertinent, were in part as follows: ". . . and in any proceedings for the annexation . . . of territory to . . . a benefit district, the board of directors shall have the power and duty: (a) To exclude any lands proposed to be annexed which said board finds will not be benefited by becoming a part of any such district . . . . [¶] For the purpose of completing any such proceedings, including the findings provided for by Sections 56316 and 56317, any land so excluded shall no longer be considered a part of the territory proposed to be annexed . . . ."

Section 56025 of the Government Code defining "benefit district" has not been the subject of express judicial construction. The language as to "the owners of such lands being entitled, under the laws or Constitutions of the state or the United States, to notice and hearing prior to the retention of such lands within the district" does not, in and of itself, furnish determinative guidance as to whether a county water district is a "benefit district." In the case of a benefit district, section 56312 of the Government Code expressly provides for the mailing of notice of an annexation hearing by the "clerk of the conducting district" to "all landowners owning land within the territory proposed to be annexed. . . ."

The most appropriate guidance as to whether a county water district is to be deemed to be a "benefit district" is found in the reasoning of cases which arose before the operative date of the District Reorganization Act of 1965. Those cases considered the significance of the concept of "benefit" to particular real property with relation to the propriety of the retention of such property in a county water district. ■ "The courts presume that the Legislature, aware of judicial decisions, enacts and amends statutes in the light of such knowledge." (*In re Farrant,* 181 Cal.App.2d 231, 238 [5 Cal.Rptr. 171].)

In *Atchison etc. Ry. Co.* v. *Kings Co. Water Dist.,* 47 Cal.2d 140, at page 144 [302 P.2d 1], the Supreme Court noted that the word "benefit"

denotes "any form of advantage" and stated: "The substantial and direct benefit which must be present to justify retention of land in a county water district means substantial and direct benefit to the land in question." (See *DeLoreto* v. *Goleta County Water Dist.*, 234 Cal.App.2d 164, 170-171 [44 Cal.Rptr. 137].)

In *Helvey* v. *Sax*, 38 Cal.2d 21, at page 26 [237 P.2d 269], the Supreme Court stated: "Plaintiff contends that the taxes are void on the ground that the parcels involved in this action received no benefits by being included in the [county water] district. This contention comes too late. The assessed owners through whom plaintiff claims did not avail themselves of their statutory remedy to have the property excluded from the district on the ground that it was not benefited by inclusion therein."

Prior statutory law is also of significance in the present case. Sections 32440-32452 of the Water Code, which related to the inclusion of land in a county water district, were repealed in 1965 (Stats. 1965, ch. 2043, § 380, p. 4744), the subject matter being covered generally by the District Reorganization Act of 1965. Former section 32441 of the Water Code was in part as follows: "The board [of directors of a county water district] after the hearing of any inclusion petition shall by ordinance order the inclusion of all or any part of the land described in the petition when as to the land to be included the board finds the following are true: . . . (d) Either the inclusion of the land will be for the interest of the land or the owner consents to the inclusion."

The provisions of section 30264 of the Water Code, which section was added to that code in 1949, are also of significance in determining the question as to whether a county water district is a "benefit district."[7]

■ Under the governing law the Newhall County Water District is

---

[7]Section 30264, which is part of the County Water District Law, is as follows: "On the final hearing the board of supervisors shall make changes in the proposed boundaries of the proposed district as may be deemed advisable and shall describe the boundaries of the proposed district. In doing this: [¶] (a) No land included in the proposed district in the petition which will be benefited by the proposed district shall be excluded. [¶] (b) No land which will not in the judgment of the board be benefited by the district shall be included. [¶] (c) Upon the application of any person whose land was not included in the petition but whose land will be benefited by the proposed district, the land may in the discretion of the board be included." Section 30230 of the Water Code contains a provision for publication of notice of a hearing on the formation petition.

a "benefit district" within the meaning of section 56025 of the Government Code.

The judgment is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with the opinion of this court herein.

Schweitzer, J., and Allport, J., concurred.

A petition for a rehearing was denied September 30, 1970, and respondent's petition for a hearing by the Supreme Court was denied November 18, 1970.