[No. H028994. Sixth Dist. Nov. 14, 2006.]

AARON L. KATZ, Plaintiff and Appellant, v.
CAMPBELL UNION HIGH SCHOOL DISTRICT, Defendant and
Respondent.

**COUNSEL**

Aaron L. Katz, in pro. per., for Plaintiff and Appellant.

Lozano Smith, Judd Jordan, Thomas R. Manniello and Devon B. Lincoln for Defendant and Respondent.

**OPINION**

**PREMO, J.**—Plaintiff Aaron L. Katz filed this action to invalidate an $85 parcel tax approved by voters in Campbell Union High School District (School District).[1] The trial court dismissed the action because plaintiff had failed to publish a summons that conformed to the requirements of the validation statutes. (Code Civ. Proc., § 860 et seq.)[2] Plaintiff appeals from the resulting judgment.

■ We conclude that the trial court correctly dismissed the action because plaintiff's published summons did not specify a concrete date for response, the date calculable from the language of the summons did not provide the full amount of time required, and plaintiff did not demonstrate good cause for his failure to comply with these statutory requirements.

I. *The Applicable Law*

■ In order to place our discussion in context we begin with a summary of the applicable law. Under the validation statutes a public agency may seek

---

[1] Plaintiff also challenged taxes imposed by West Valley-Mission Community College District and El Camino Hospital District (El Camino). These districts are no longer parties to this appeal.

[2] Hereafter all unspecified statutory references are to the Code of Civil Procedure.

a judicial determination of the validity of some matter, such as an ordinance, resolution, or other action taken by the agency. (§ 860.) If the agency does not seek validation within the time required, any "interested person" may file what is sometimes called a reverse validation action to test the validity of the matter. (§ 863.) The validation procedure is intended to provide a uniform mechanism for prompt resolution of the validity of a public agency's actions. (*Planning & Conservation League v. Department of Water Resources* (1998) 17 Cal.4th 264, 273 [70 Cal.Rptr.2d 635, 949 P.2d 488].) The procedure "assures due process notice to all interested persons" and settles the validity of a matter "once and for all by a single lawsuit." (*Hills for Everyone v. Local Agency Formation Com.* (1980) 105 Cal.App.3d 461, 468 [164 Cal.Rptr. 420].)

██ A validation action is "in the nature of a proceeding in rem." (§ 860.) The form of the summons and the manner of service are statutorily pre-scribed. Jurisdiction of "all interested persons" is had by publishing a summons for the time provided by Government Code section 6063. (§ 861.) The summons must contain a notice that written answers to the complaint may be filed "not later than the date specified in the summons, which date shall be 10 or more days after the completion of publication of the sum-mons." (§ 861.1.) Jurisdiction "shall be complete after the date specified in the summons." (§ 862.) In a reverse validation action, if the interested person "fails to complete the publication . . . and to file proof thereof in the action within 60 days from the filing of his complaint, the action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by the interested person." (§ 863.)

## II. Procedural Background

### A. The Complaint

Plaintiff's lawsuit challenges an $85 parcel tax approved by School District voters to fund programs to "reduce class size, retain qualified teachers," and improve academics and safety at schools within the School District. The measure was approved in an election in which the phrase "qualified electors" was defined as "natural persons actually residing within [the School District's] territorial boundaries who were registered according to law with the [Registrar of Voters]." Plaintiff's objection is that although he will ultimately have to pay the tax because he owns property within the territory covered by the School District, he was not qualified to vote in the election since he did not reside within the district. Plaintiff argued that the definition of "qualified elector" unconstitutionally disenfranchised him and enfranchised nonland-

owning residents who would never have to pay the tax. According to plaintiff, the phrase should have been defined as "[t]he elector who owned property which would be subjected to" the new tax; "[t]he elector who directly or indirectly would pay" the new tax; and "[t]he elector who would vote to directly or indirectly tax him/herself rather than someone else."

The complaint includes three causes of action against the School District. In the first cause of action plaintiff expressly seeks to invalidate the tax under section 860 et seq. The second cause of action requests a judicial declaration defining the phrase "qualified elector" as plaintiff proposes it should be defined and a declaration stating that, since the measure did not provide for an election among qualified electors so defined, the election approving the measure was invalid. The third cause of action requests an injunction restraining imposition of the parcel tax.

### B. *The Summons*

Plaintiff published a summons in two different newspapers on three consecutive Fridays: February 4, 11, and 18, 2005. In pertinent part, the summons read as follows: "All persons interested in the matter described herein have *10 CALENDAR DAYS after the last day this summons is published* in which to file a written response with this court contesting the legality or validity of [the challenged tax] [a]nd to have a copy served upon plaintiff." (Italics added.) Three dates appear at the end: "02/04/2005, 02/11/2005, 02/18/2005."

### C. *The Summons Defects*

The summons contains two defects that are pertinent to this appeal. First, plaintiff's summons did not specify a concrete response date. Section 861.1 requires the summons to give notice that a response is due no later than "the date specified in the summons" and section 862 provides that jurisdiction is complete upon "the date specified in the summons." The date specified must be a concrete date certain, not a date calculable from the language of the summons. (*County of Riverside v. Superior Court* (1997) 54 Cal.App.4th 443, 451 [62 Cal.Rptr.2d 747] (*County of Riverside*).)

Second, the direction to respond within 10 days of "the last day this summons is published" did not provide the full amount of time required, which is "10 or more days *after the completion of publication of the summons.*" (§ 861.1, italics added.) Plaintiff had assumed that "completion of publication" would be the last day the summons was published. But section

861 requires the summons to be published in accordance with section 6063 of the Government Code, which in turn provides that the period of notice "commences upon the first day of publication and terminates at the end of the twenty-first day, including therein the first day." "Completion of publication" occurs when the period of notice has terminated—21 days after it began. (*Arnold v. Newhall County Water Dist.* (1970) 11 Cal.App.3d 794, 799 [96 Cal.Rptr. 894] (*Arnold*).) Since plaintiff commenced publication on February 4, 2004, publication was complete when the period of notice expired on February 24, 2005. Ten days after that would have been March 6, 2005. The instruction in the summons, to respond within 10 days of the last day of publication, would make the last day to respond February 28, 2005, nearly a week shy of the time allowed by law.

### D. *The Motion to Dismiss*

The School District filed a motion to dismiss the entire action based upon the defects in the summons. The trial court granted the motion, holding:

"[Plaintiff] did not comply with C.C.P. §§ 861.1 and 863 in that he failed to timely complete publication of summons and failed to file proof of publication within 60 days after filing of the complaint. Pursuant to C.C.P. § 863, dismissal may be avoided upon a showing of 'good cause' for the failure to comply with the statutes. Plaintiff, however, did not make such a showing.

"Plaintiff argued that if the Court were inclined to conclude that he failed to comply with the cited statutes, he should be given an opportunity to cure the defects with the publication of the summons. The Court is of the opinion that compliance with C.C.P. §§ 861.1 and 863 is a jurisdictional prerequisite to maintaining a reverse validation proceeding and that the failure to comply therewith cannot be cured as proposed by plaintiff."

### III. *Issues*

Plaintiff's contentions on appeal may be summarized as follows:

(1) The summons publication requirements are not "jurisdictional";

(2) The court must disregard deficiencies in the published summons when all indispensable parties are actually before the court;

(3) Plaintiff's causes of action for declaratory and injunctive relief were not subject to dismissal;

(4) The summons substantially complied with the statutory requirements and, in any event, the court had jurisdiction to permit plaintiff to cure any defects; and

(5) The trial court abused its discretion in finding that plaintiff had not shown good cause for the deficiencies in the summons.

## IV. *Discussion*

### A. *Standard of Review*

Whether plaintiff demonstrated good cause for failing to comply with the summons publication requirements (see section IV.F., *post*) is a question that is committed to the sound discretion of the trial court. Accordingly, we review the trial court's decision on that point for abuse of discretion. (*Card v. Community Redevelopment Agency* (1976) 61 Cal.App.3d 570, 576 [131 Cal.Rptr. 153].) The remaining issues turn upon the interpretation of the validation statutes. This, of course, presents issues of law to which we apply our independent review. (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1502 [82 Cal.Rptr.2d 368].)

### B. *"Jurisdictional" Requirements*

Plaintiff first contends that the summons provisions are not "jurisdictional," by which plaintiff seems to mean that the specifics of the summons requirements may be *mandatory* but failure to comply does not deprive the trial court of jurisdiction to proceed. According to plaintiff, the requirements cannot be jurisdictional in the fundamental sense because the court has the power to overlook the defects if good cause is shown. The argument is a misstatement of the law. The court cannot *overlook* a defective summons.

■ As we have said, validation actions are actions in rem.[3] Strictly speaking, an action "in rem" is an action " 'against a thing.' " (Black's Law Dict. (8th ed. 2004) p. 809, col. 1.) Classic in rem jurisdiction is acquired by seizing the thing (usually property) and commencing proceedings for satisfaction of a claim against the property by giving "general notice to all the world" of the seizure and the pendency of the action. (*Lee v. Silva* (1925) 197 Cal. 364, 368–369 [240 P. 1015].) Notice to all the world "suffices to make the claimants to the property parties to the action" and the resulting judgment conclusive as against all the world. (*Id.* at p. 369.)

---

[3] From time to time throughout his brief, plaintiff maintains that the instant action is not really a proceeding in rem, but the argument ignores section 860, which clearly states that a validation action "shall be in the nature of a proceeding in rem."

■ In a validation action the thing that is the subject of the action is the matter to be validated, i.e., the ordinance, resolution, or other action taken by the public agency. The only way for the court to acquire jurisdiction over the matter is to ensure that notice is given to all interested persons so that the resulting judgment can be conclusive as against them. (*Planning & Conservation League v. Department of Water Resources* (2000) 83 Cal.App.4th 892, 920–921 [100 Cal.Rptr.2d 173] (*Planning & Conservation League*).) Notice is provided by publishing the summons in a particular form, within a specified timeframe, and specifying a date for response. Jurisdiction is not "complete" until "after the date specified in the summons." (§ 862.) Failure to publish a summons in accordance with the statutory requirements deprives the court of jurisdiction over "all interested parties" (§ 861), which deprives the court of the power to rule upon the matter. The Legislature has given the trial court power to permit a plaintiff to cure the defect if the plaintiff can demonstrate good cause. (§ 863.) But the court cannot overlook a defective summons. Unless the plaintiff has published a summons in compliance with the statutory requirements, the court has no jurisdiction to rule upon the matter that is the subject of the action. (*Arnold, supra,* 11 Cal.App.3d at p. 801.)

### C. *The Presence of All Indispensable Parties*

Plaintiff maintains that there are no parties other than those presently before the court that are indispensable to this action, implying that the trial court had the power to determine the validity of the tax notwithstanding defective publication of the summons. Incorporated in this argument are two assumptions. The first assumption is that, since the School District did not pursue its own validation action, the tax was validated with respect to claims by interested persons other than plaintiff. This is not how the statute was designed to operate. It is true that if no action is taken within the time required, the measure would be deemed valid. (*City of Ontario v. Superior Court* (1970) 2 Cal.3d 335, 341 [85 Cal.Rptr. 149, 466 P.2d 693] (*City of Ontario*).) But the validity of a matter is not decided piecemeal. That is the reason validation actions are designated as actions in rem. When any person files a validation action, the validity of the matter is decided once and for all in that action. (§ 870.)

The other assumption is that jurisdiction over all indispensable parties is sufficient to allow the case to proceed. The problem with this assumption is that jurisdiction over the parties does not confer jurisdiction over the matter, which is the issue that concerns us here. The difference was explained in *Planning & Conservation League, supra,* 83 Cal.App.4th 892. In that case the plaintiff sought to invalidate the transfer of water supply contracts by the Department of Water Resources. Certain water contractors had successfully

moved to quash service of summons upon them. Believing that the contractors were indispensable parties, the trial court granted the defendants' motion for summary adjudication of the validation cause of action. The appellate court reversed, explaining that "quashing service deprived the court of in personam jurisdiction of the water contractors; they could not be joined as parties in the validation proceedings." (*Id.* at pp. 920–921.) In a validation action, however, there are no indispensable parties beyond the public agency whose action is challenged. (*Id.* at p. 925.) The issue of whether the court had in rem jurisdiction, however, was not resolved by the presence of the only indispensable party. (*Id.* at p. 921.) That issue is determined by reference to the requirements of the validation statutes. Since there was no dispute that the plaintiff had published a summons as required, the trial court had jurisdiction over the matter and could proceed to adjudicate the validation cause of action regardless of the absence of the contractors. (*Id.* at p. 926.)

In this case, it does not matter that all indispensable parties have appeared in the action. Our concern is with the court's jurisdiction over the matter to be validated.

### D. *The Causes of Action for Declaratory and Injunctive Relief*

Plaintiff next contends that the causes of action for declaratory and injunctive relief are distinct from the validation cause of action so that the trial court retained jurisdiction over them regardless of the adequacy of the summons. This argument is also unavailing.

■ The validation statutes apply to a matter when "any other law" authorizes their application. (§ 860.) Government Code section 50077.5, subdivision (a) mandates the use of the validation procedures in "any judicial action or proceeding to validate, attack, review, set aside, void, or annul an ordinance or resolution approved by the voters pursuant to this article on or after January 1, 1986, that levies a special tax . . . ." All three of plaintiff's causes of action fall squarely within the scope of this section.

Plaintiff cites *City of Ontario, supra,* 2 Cal.3d 335, in which the Supreme Court considered an action to determine the validity of the city's plan to develop a motor speedway. The plaintiffs complained that the plan was intended for the benefit of private parties and not for the public interest. Their complaint sought three forms of relief: a declaration that the speedway scheme was invalid, an injunction to restrain further expenditure of public funds, and restitution to the city of all money paid out for unlawful purposes. (*Id.* at p. 339.) The appellate court held that the causes of action for injunction and restitution were viable without compliance with the validation statutes because they involved matters that went beyond the validity of the

challenged speedway agreement itself. To the extent plaintiffs asked for relief "unrelated to the performance of the terms of the [speedway agreement]," their failure to comply with the validation statutes was no reason to deny them their other remedies. (*Id.* at p. 344.)

Unlike the complaint in *City of Ontario*, plaintiff's complaint does not seek relief unrelated to the parcel tax he claims is invalid. The cause of action for declaratory relief requests a declaration that the tax is invalid, combined with a request that the court supply a definition for the phrase "qualified electors." The definition that plaintiff urges is the definition that he claims would have resulted in a valid tax. Thus, the request for a judicial declaration cannot be said to go beyond a determination of the validity of the challenged matter. Plaintiff's cause of action for injunction seeks to restrain levy of the tax. This is merely a request for invalidation of the tax stated in other words.

### E. *Substantial Compliance*

██ Plaintiff's primary argument is that his summons substantially complied with the requirements of the validation statutes, which, he claims, is sufficient for purposes of his lawsuit.[4] Substantial compliance may be sufficient when summons is served personally, but strict compliance is usually required when it is served by publication. (Cf. *Olvera v. Olvera* (1991) 232 Cal.App.3d 32, 41 [283 Cal.Rptr. 271].) It has been held: "When jurisdiction is obtained by a prescribed form of constructive notice, the statutory conditions upon which service depends must be strictly construed; there must be strict compliance with the mode prescribed in the statute. Conformance with the statute is deemed jurisdictional and absence thereof deprives the court in the particular action of power to render a judgment." (*Eagle Electric Mfg. Co. v. Keener* (1966) 247 Cal.App.2d 246, 250–251 [55 Cal.Rptr. 444].)

The validation cases tend to apply the strict compliance standard. In *Coachella Valley Mosquito and Vector Control Dist. v. City of Indio* (2002) 101 Cal.App.4th 12, 14 [123 Cal.Rptr.2d 551], the original complaint had been dismissed because the published summons omitted language stating: " 'persons who contest the legality or validity of the matter will not be

---

[4] Plaintiff mentions section 866, which provides: "The court hearing the action shall disregard any error, irregularity, or omission which does not affect the substantial rights of the parties." Plaintiff suggests that this provision demands that the court ignore "technical" defects in the summons. Section 866 is a special standard of prejudice. In every case in which it has been cited it is applied to the matter to be validated. (See *Card v. Community Redevelopment Agency, supra,* 61 Cal.App.3d 570; *Franklin-McKinley School Dist. v. City of San Jose* (1991) 234 Cal.App.3d 1599, 1605 [286 Cal.Rptr. 656]; *De Jong v. Pasadena Unified School Dist.* (1968) 264 Cal.App.2d 877, 881 [70 Cal.Rptr. 913].) Indeed, the reference to the "court hearing the action" shows that the rule applies to the substance of the action itself, not to the sufficiency of the summons.

subject to punitive action . . . .' " (*Id.* at p. 15.) In *Arnold, supra,* 11 Cal.App.3d at page 801, the date specified in the summons was two days short of the 10 days required. In both of these cases the arguably minor defects prevented the trial court from acquiring jurisdiction over the matter.

We recognize that, although *Arnold* and *Coachella Valley* appear to apply a strict compliance standard, the cases do not consistently describe the standard that way. (*County of Riverside, supra,* 54 Cal.App.4th at p. 450.) Nevertheless there is no question that the summons should provide clear and accurate information about when to respond. After all, publication is the primary means of notice in a validation case. Since such actions involve matters of general public interest, "there is at least some reasonable expectation that potentially concerned parties will observe the notice and consider whether or not to take action on one side or the other." (*Ibid.*) Plaintiff's summons did not specify a date for response as required by sections 861.1 and 862, and the date calculable from the language of the summons did not provide the full time allowed for a response. Thus, we need not settle upon the appropriate standard because, by failing to clearly and accurately apprise the public of the time within which a response was due, plaintiff's summons did not substantially comply with the statutory requirements.

Plaintiff complains that even if the summons was defective, the trial court erred in concluding that it had no choice but to dismiss the action. It is true that the court could have allowed plaintiff to cure the defects upon a showing of good cause. (§ 863.) But once the court concluded that plaintiff had not shown good cause, the court had no alternative but to dismiss the case. (*County of Riverside, supra,* 54 Cal.App.4th at p. 451.)[5]

---

[5] In footnote 35 of his opening brief, plaintiff asks that we take judicial notice of the reporter's transcript in a separate case in order to illuminate the trial court's views on jurisdiction. We deny the request. The trial court's views on jurisdiction are not pertinent to our independent review of the issue.

There may be other requests and possibly additional argument buried in plaintiff's footnotes. Plaintiff's opening brief contains 76 footnotes; the reply has 62; and even the footnotes have footnotes. Following the notes is almost impossible—the body of the brief refers to footnotes at the foot of the page and to notes found on other pages; most of the footnotes refer to footnotes on other pages, which, in turn, refer to other footnotes on other pages. Even if we could follow the wandering references, when so much of the discussion appears in footnotes we cannot tell what the appellant intends to assert in support of the appeal and what is included as incidental or tangential information. In reviewing an appeal, we are entitled to assistance from the parties in the form of cogent legal argument. (Cf. *Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1050 [213 Cal.Rptr. 69].) Plaintiff has only hindered our review. Accordingly, to the extent plaintiff has included additional issues or argument in his footnotes, we decline to consider them.

F. *Good Cause*

 Finally, plaintiff argues that the trial court abused its discretion in failing to find that he had good cause for publishing a defective summons. We disagree. Plaintiff's good-cause showing was the alleged lack of prejudice from his failure to publish the proper summons and his opinion that it was published correctly. That is not good cause. "The good cause which must be shown in such a case as this 'may be equated to a good reason for a party's failure to perform that specific requirement [of the statute] from which he seeks to be excused.' [Citation.]" (*Community Redevelopment Agency v. Superior Court* (1967) 248 Cal.App.2d 164, 174 [56 Cal.Rptr. 201].) A mistake of law is not sufficient in itself to support a good-cause finding. (*Ibid.*) Whether a mistake of law constitutes excusable neglect presents a factual question pertaining to the nature of the misconception and the justifiability of the failure to determine the correct law. (*Ibid.*) The proper decision " 'rests almost entirely in the discretion of the court below, and appellate tribunals will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion.' " (*City of Ontario, supra,* 2 Cal.3d at p. 347, quoting *Miller v. Lee* (1942) 52 Cal.App.2d 10, 15 [125 P.2d 627].)

The alleged absence of prejudice does not supply a *reason* for plaintiff's failure to comply with the statutes. In any event, given that the failure involves faulty notice, resulting prejudice is impossible to assess. Plaintiff's opinion that a specific date was not necessary and that publication could be deemed complete on the last day the summons is published is simply an unjustifiable mistake of law. The "completion of publication" concept is not novel. *Arnold* confronted the same problem in 1970 and noted that the calculation had been part of Government Code section 6063 since 1959 (*Arnold, supra,* 11 Cal.App.3d at p. 797, fn. 2; see Stats. 1959, ch. 954, § 3, p. 2984). In 1997, *County of Riverside* made it clear that the summons must specify a concrete date for responding. (*County of Riverside, supra,* 54 Cal.App.4th at p. 451.) Thus, the procedure was not complex or debatable. The law was on the books and readily available. (*Ibid.*) Plaintiff offered no excuse for ignoring this settled law. It follows that the trial court did not abuse its discretion in concluding that plaintiff had not shown good cause for publishing a defective summons.[6]

---

[6] The School District offers alternative, substantive grounds for affirming the judgment. Since we affirm for the procedural reasons upon which the trial court relied, we do not reach the substantive issues.

## V. *Disposition*

The judgment is affirmed. Defendant shall have its costs on appeal.

Rushing, P. J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 24, 2007, S148959. Moreno, J., did not participate therein.