Filed 2/11/15  Suarez v. Centinela Valley Union High School Dist. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SANDRA SUAREZ et al., | B250937 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC498402) |
| v. | |
| CENTINELA VALLEY UNION HIGH SCHOOL DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Mary H. Strobel, Judge.  Affirmed.

Brillant Law Firm, David J. Brillant, Andrew N. Contopoulos, and Brian Carideo, for Plaintiffs and Appellants.

Dannis Woliver Kelley, Sue Ann Salmon Evans, Janet L. Mueller, and William B. Tunick for Defendants and Respondents.

## I.  INTRODUCTION

Plaintiffs, Sandra Suarez and Mariano Velasquez, appeal from the judgment of dismissal of their first amended validation complaint following an order sustaining a demurrer without leave to amend.  Plaintiffs filed a validation action under Code of Civil Procedure section 860 et seq.[1] to contest the legality of a voter-approved measure imposing a special tax on real property.  Defendants are the:  Centinela Valley Union High School District; Hawthorne School District; Lawndale School District; Lennox School District; and Wiseburn School District.  The voter-approved measure imposing the special tax was authorized by the Local Classrooms Funding Authority (the authority).  The authority is a joint powers agency formed by defendants.  But, plaintiffs failed to name the authority and timely serve it with the complaint.  Plaintiffs argue that any error should be disregarded under section 866.  We affirm.

## II.  BACKGROUND

### A.  Plaintiffs' First Amended Complaint

Plaintiffs filed suit on January 3, 2013.  Plaintiffs filed their first amended complaint on January 11, 2013.  They allege the following.  Plaintiffs own parcels of real property that are subject to the special tax.  Defendants are school districts organized under California law.  At some time prior to August 2012, defendants formed the authority as a joint powers agency under Government Code section 6500.

On or about August 1, 2012, under California Constitution, article XIIIA, section 4 and Government Code section 50077, the authority's board adopted a resolution.  The resolution authorized an election within the boundaries of the Centinela Valley Union

---

[1]     Further statutory references are to the Code of Civil Procedure unless otherwise noted.

2

High School District on November 6, 2012. Measure CL imposed "a special tax on 'every parcel of taxable real property'" within the authority's jurisdiction. Residential property would be taxed at 2 cents per square foot. Non-residential property would be taxed at 7.5 cents per square foot. Under Measure CL, the tax proceeds would be split amongst defendants. Measure CL passed on November 6, 2012 with 69.5 percent of the voters voting in favor of the initiative.

Plaintiffs allege Measure CL violated the uniformity requirement in Government Code section 50079. Plaintiffs seek invalidation under section 860 et seq. Plaintiffs allege the authority's special tax on real property was void and illegal. Plaintiffs requested a refund of any taxes collected under Measure CL, attorney's fees and costs and other relief.

### B. Defendants' Demurrer and Plaintiffs' Opposition

On May 17, 2013, defendants demurred. Plaintiffs' summons was served on and named only defendants, not the authority. Plaintiffs' proof of publication refers only to defendants, not the authority. Defendants argued: plaintiffs failed to comply with section 863 by not naming the authority as a party to the lawsuit; the failure to comply with the strict requirements for validation actions required dismissal of the first amended complaint; and the authority was an independent public agency whose action plaintiff was actually challenging. Because plaintiffs failed to both name and serve the authority, defendants argued the trial court lacked jurisdiction to invalidate the special tax.

Plaintiffs contended section 866 applied and the matter should proceed to trial. Plaintiffs asserted defendants' substantial rights were unaffected because they: were served; were members of the authority; and received the tax proceeds under the special tax. Plaintiffs argued at the hearing that the authority was not an indispensible party under section 389.

3

## C. Judgment

On July 22, 2013, following a hearing, defendants' demurrer was sustained without leave to amend. The trial court ruled: section 866 did not apply to cure plaintiffs' non-compliance with the validation law; the authority was an indispensible party under section 389; and plaintiffs' failure to name the authority prevented entry of a judgment granting them any relief. On August 21, 2013, plaintiffs filed their notice of appeal from the order sustaining the demurrer without leave to amend. The judgment on demurrer was entered on August 29, 2013.

## III. DISCUSSION

We are reviewing an appeal from a judgment entered after an order sustaining a demurrer without leave to amend. Thus, we apply the following standard of review: "On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions, or conclusions of law. [Citations.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865; accord *People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 300-301; *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.) Also, because the appeal concerns statutory interpretation questions, our review is de novo as to those matters. (*Community Youth Athletic Center v. City of Nat. City* (2009) 170 Cal.App.4th 416, 427 (*Community Youth*); *Katz v. Campbell Union High School Dist.* (2006) 144 Cal.App.4th 1024, 1031 (*Katz*).)

4

Plaintiffs contend the trial court erred by not applying section 866. Section 860 provides: "A public agency may upon the existence of any matter which under any other law is authorized to be determined pursuant to this chapter, and for 60 days thereafter, bring an action in the superior court of the county in which the principal office of the public agency is located to determine the validity of such matter. The action shall be in the nature of a proceeding in rem." Also, section 863 states: "If no proceedings have been brought by the public agency pursuant to this chapter, any interested person may bring an action within the time and in the court specified by Section 860 to determine the validity of such matter. The public agency shall be a defendant and shall be served with the summons and complaint in the action in the manner provided by law for the service of a summons in a civil action. In any such action the summons shall be in the form prescribed in Section 861.1 except that in addition to being directed to 'all persons interested in the matter of [specifying the matter],' it shall also be directed to the public agency. If the interested person bringing such action fails to complete the publication and such other notice as may be prescribed by the court in accordance with Section 861 and to file proof thereof in the action within 60 days from the filing of his complaint, the action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by the interested person." A validation action by an interested person challenging a public agency's decision is sometimes called a "reverse validation" action. (*McLeod v. Vista Unified School Dist.* (2008) 158 Cal.App.4th 1156 1166; *Kaatz v. City of Seaside* (2006) 143 Cal.App.4th 13, 30, fn. 16.) Section 866 provides, "The court hearing the [validation] action shall disregard any error, irregularity, or omission which does not affect the substantial rights of the parties." Plaintiffs rely on section 866.

It is undisputed the authority is an independent public entity. Under Government Code section 6507, "For the purposes of this article [joint powers agreements], the agency is a public entity separate from the parties to the agreement." Pursuant to Government Code section 6542, "'Entity' as used in this article means any agency, board or commission provided for by a joint powers agreement pursuant to Article 1 of this

5

chapter.  Such agency, board or commission is an entity separate from the public agencies which are parties to such agreement."

Plaintiffs argue section 866 allows the trial court to disregard the omission of the authority from the summons and complaint because the substantial rights of defendants are unaffected.  We disagree.  Under section 863, plaintiffs' validation action should have named the authority in the complaint and the summons.  The Court of Appeal for the Third District has held:  "Read in context, the 'public agency' referred to in section 863 is necessarily the same public agency referred to in section 860 or, in other words, the agency whose action is to be tested or validated.  And it is only that public agency that, pursuant to section 863, 'shall be a defendant and shall be served with the summons and complaint in the action . . . .'"  (*Planning and Conservation League v. Dept. of Water Resources* (2000) 83 Cal.App.4th 892, 922, fn. omitted; accord, *In re Quantification Settlement Agreement Cases* (2011) 201 Cal.App.4th 758, 833.)  Defendants are only interested parties, not the indispensible "public agency" under section 863.  (*Planning and Conservation League v. Dept. of Water Resources*, *supra,* 83 Cal.App.4th at pp. 924-925; see § 861 ["Jurisdiction of all interested parties may be had by publication of summons . . . ."].)

Validation statutes are strictly construed.  (*Katz*, *supra*, 144 Cal.App.4th at pp. 1034-1035; *Coachella Valley Mosquito & Vector Control Dist. v. City of Indio* (2002) 101 CAl.App.4th 12, 14.)  Validation actions are intended to promptly settle all questions about the validity of an agency's action.  (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1580; *McLeod v. Vista Unified School Dist.*, *supra*, 158 Cal.App.4th at p. 1166.)  The Court of Appeal has noted, "Plaintiffs' failure without good cause to comply with the provisions of section 863 with respect to the publication of a proper summons with the time fixed by that section immediately called into operation the provisions of that section which impose a mandatory duty on the court to dismiss the action in its entirety."  (*Community Redevelopment Agency of Los Angeles v. Superior Court for Los Angeles County* (1967) 248 Cal.App.2d 164, 178 (*Community Redevelopment*); see § 863.)

6

Plaintiffs contend section 866 required the trial court to disregard any error that did not affect the parties' substantial rights. Plaintiffs rely on *Community Youth*, *supra*, 170 Cal.App.4th at page 430, which concerned whether good cause was shown under section 863 for publication of the summons. Of relevance to this appeal, the Court of Appeal held: "The policy of section 866 should encompass not only the merits of the complaint but also the procedures for obtaining jurisdiction to resolve the merits. We accordingly find in section 866 additional support for a broader interpretation of the good cause for relief provision of section 863 . . . ." (*Id.* at p. 431.)

Assuming section 866 was applicable, it cannot be relied upon by plaintiffs. Section 866 requires a trial court to disregard errors which do not affect the parties' substantial rights. But here, defendants' rights would be substantially affected if the failure to name the authority in the complaint and summons was disregarded. Defendants did not cause Measure CL to be added to the ballot. The authority is its own independent public agency with its own operating board. Under plaintiffs' cause of action, however, defendants would be held liable for actions undertaken by the authority, a non-defendant. Because validation statutes are strictly construed, the authority must be a defendant to the action and served with the complaint and summons.

Plaintiffs also contend that if the authority was "the agency" under section 863, defendants lacked standing to move to dismiss the present lawsuit. Plaintiffs reason defendants are not "the agency" for purposes of the validation statutes. Under section 863, plaintiffs reason dismissal can occur only on motion by the agency. However, defendants demurred based on the trial court's lack of jurisdiction under section 430.10, subdivision (a), and defect of parties under subdivision (d). As stated previously, the only indispensible party is the entity whose action is being challenged, the authority. The trial court can only proceed with a reverse validation action if the proper public agency has been timely served with a summons and complaint. (§ 863; *Katz*, *supra*, 144 Cal.App.4th at p. 1032 ["Unless the plaintiff has published a summons in compliance with the statutory requirements, the court has no jurisdiction to rule upon the matter that is the subject of the action. "]; *County of Riverside v. Superior Court* (1997) 54

Cal.App.4th 443, 451; *Community Redevelopment*, *supra*, 248 Cal.App.2d at p. 178.) Plaintiffs' failure to name the authority denied the trial court jurisdiction over the validation action. The trial court correctly entered judgment against plaintiffs.

IV. DISPOSITION

The August 29, 2013 judgment and the July 22, 2013 order sustaining the demurrer without leave to amend are affirmed. Defendants, Centinela Valley Union High School District, Hawthorne School District, Lawndale School District, Lennox School District and Wiseburn School District, may recover their appeal costs from plaintiffs, Sandra Suarez and Mariano Velasquez.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

GOODMAN, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.